UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEZQUAN FISHER,

          Plaintiff,                    Case No. 1:23-cv-393

v.                                        Honorable Ray Kent

JILL KERR et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 7.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.7.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims for failure to state a claim. Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Sergeant Jill Kerr and Corrections Officers Unknown Needham and Unknown Fracker.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

On October 4, 2022, Defendants Needham and Fracker conducted a search of Plaintiff's cell and found a "plastic trash back with an orange/brown liquid with what appeared to be [chunks] of fruit" underneath Plaintiff's bed. (ECF Nos. 1-1, PageID.11; 1-2, PageID.14.) The bag had a "strong odor of alcohol." (ECF No. 1-1, PageID.11.) Defendant Needham took the trash bag to Defendant Kerr so that Defendant Kerr could "verify 'spud' (fermented alcohol)." (*Id.*) Defendant Kerr verified the bag as "spud juice," and it was "poured out and disposed of in the trash." (*Id.*) Defendant Needham issued Plaintiff a class I misconduct ticket for substance abuse. (*See id.*)

Plaintiff alleges that Defendant Kerr conducted a misconduct review and hearing "at one time" on October 5, 2022, and that she violated MDOC policy by doing so. (ECF No. 1, PageID.4.) Plaintiff contends that Defendant Kerr denied Plaintiff a hearing investigator and determined that he was guilty. (*Id.*) Plaintiff alleges that Defendant Kerr wrote that Plaintiff would be sanctioned with 30 days' loss of privileges (LOP). (*Id.*) According to Plaintiff, a hearing investigator should have been assigned per policy because Plaintiff is "on an outpatient Corrections[] Mental Health Service active caseload." (*Id.*)

Plaintiff first appeared before Hearing Officer S. Morris (not a party) on October 12, 2022. (*Id.*) Plaintiff stated "that he wanted a hearing investigation as he wished to have witnesses and evidence presented." (ECF No. 1-6, PageID.25.) Hearing Officer Morris adjourned proceedings and referred the matter to a hearing investigator. (*Id.*)

On October 13, 2022, Hearing Investigator Demps (not a party) sent an email to Defendant Kerr, stating that Plaintiff was "disputing the spud being verified" and asking Defendant Kerr to "provide time and location of spud verification." (ECF No. 1-5, PageID.22.) On October 16, 2022, Defendant Kerr sent the following response:

> This was at one time attached to the misconduct. It answers all questions he may have. I was in the office when [Defendant Needham] brought the back to me. It

4

>   stunk up the unit for several hours as it spilled out onto the floor of the office at one point. Is there anything else his majesty might require?

(*Id.*, PageID.23.)

Hearing Officer Morris reconvened misconduct proceedings on October 19, 2022. (ECF No. 1, PageID.5.) Plaintiff argued that "there was fabrication within the misconduct" because Defendant Kerr "never verified the alcohol." (ECF No. 1-6, PageID.25.) Plaintiff told Hearing Officer Morris that Defendant Kerr "was outside with him on the yard the whole time." (*Id.*) Hearing Officer Morris reviewed several pieces of evidence, including a photograph, the misconduct ticket, memoranda from Defendants Needham and Fracker, video footage, Plaintiff's statement, and a statement by witness inmate Figel. (*Id.*)

Hearing Officer Morris concluded that Defendant Kerr did not verify that the substance was alcohol. (*Id.*) Video showed that when the bag was removed from Plaintiff's cell, Defendant Kerr was on the yard. (*Id.*) The bag was placed in the dayroom office at 9:51 a.m. (*Id.*) Four minutes later, it was removed and taken into the dayroom for photographs. (*Id.*) Three minutes after that, the bag was dumped into the sink. (*Id.*) Defendant Kerr did not return to the unit until 10:21 a.m. (*Id.*) Hearings Officer Morris also noted the "completely inappropriate comments" made by Defendant Kerr to Hearings Investigator Demps. (*Id.*) Hearings Officer Morris further stated:

>   Perhaps the responding staff member was not aware that this is a legal proceeding where due process requirements attach and proper decorum should be the rule. The hearings handbook requires a supervisory staff member to verify the substance to satisfy due process. When the investigator asked where and when the verification occurred, the responding staff member could have addressed the issue without any inappropriate comments that, quite frankly, show an intense disregard for the hearings process. As video shows, the staff member clearly fabricated her verification of the evidence. Even when asked a second time, when and where the verification occurred, she again made an untruthful statement. I am unable to find this a mere mistake. This appears to be a flagrant lie that is an absolute affront to a fair hearing process. As the prisoner's due process was tainted due to the falsehoods and failure to verify the substance, I find the charge must be dismissed.

5

(*Id.*, PageID.26.)

Based on the foregoing, Plaintiff asserts Fourteenth Amendment[2] due process claims against all Defendants. Specifically, Plaintiff contends that Defendants falsified the misconduct report and other documents by stating that the "spud" had been verified by Defendant Kerr. Plaintiff also asserts violations of MDOC policy. He seeks $200,800.00 in compensatory and punitive damages. (ECF No. 1, PageID.6.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

---

[2] Plaintiff indicates that he is asserting Fifth Amendment due process claims against all Defendants. (ECF No. 1, PageID.6.) The Fifth Amendment, however, applies only to claims against federal employees, and Plaintiff here sues employees of the MDOC. Plaintiff, therefore, cannot maintain Fifth Amendment due process claims, and the Court construes Plaintiff's due process claims to be brought pursuant to the Fourteenth Amendment. *See, e.g.*, *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (noting that "[t]he Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Fourteenth Amendment Procedural Due Process

Plaintiff suggests that his Fourteenth Amendment procedural due process rights were violated when Defendants falsified the misconduct ticket and other documents to indicate that Defendant Kerr had verified the "spud" when she had not. Plaintiff also suggests that his procedural due process rights were violated when he was initially not provided a hearing investigator. A prisoner's ability to challenge a misconduct conviction depends on whether the conviction implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 487 (1995).

With respect to the misconduct ticket, Plaintiff's complaint and exhibits clearly indicate that he was found not guilty and the ticket was dismissed because of the falsified verification.

7

Plaintiff, therefore, received due process of law with respect to the misconduct ticket. "Due process of law requires only that the person have the opportunity to convince an unbiased decision maker that he has been wrongly or falsely accused or that the evidence against him is false." *Onumonu v. Mich. Dep't of Corr.*, No. 1:21-cv-33, 2021 WL 972809, at *3 (W.D. Mich. Mar. 16, 2021); *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (agreeing that an inmate's misconduct proceedings did not implicate a protected liberty interest because he was found not guilty); *Barlow v. Dominguez*, No. 98-2414, 1999 WL 1045174, at *1 (6th Cir. Nov. 9, 1999) (noting that the inmate's "due process rights were protected when, at an administrative hearing concerning the ticket, [the inmate] was found not guilty and the ticket was dismissed"). The Court, therefore, will dismiss Plaintiff's Fourteenth Amendment procedural due process claims against Defendants.

      B.      **Fourteenth Amendment Substantive Due Process**

To the extent Plaintiff has raised substantive due process claims regarding the falsified verifications of the "spud," he fails to state such a claim.

"Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). With respect to an allegedly falsified misconduct report, the Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999); *see also Scott v. Churchill*, 377 F.3d 565

8

(6th Cir. 2004); *Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, at *4 (W.D. Mich. Dec. 22, 2016).

Here, Plaintiff was found not guilty of the class I misconduct because of Defendant Kerr's falsified statement that she had verified the "spud" when she had not done so. While the Court does not condone Defendant Kerr's lies regarding verification of the "spud," the Court cannot construe a substantive due process claim when Plaintiff's complaint is devoid of facts suggesting that any of the Defendants planted the bag of "spud" in Plaintiff's cell to frame Plaintiff, especially where Plaintiff does not dispute that the bag of "spud" was found in his cell. *Cf. Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005) (The issuance of false misbehavior reports and provision of false testimony against an inmate by corrections officers is insufficient on its own to establish a denial of due process. Rather, such action violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him, or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights."). Plaintiff, therefore, fails to state a substantive due process claim under the Fourteenth Amendment.

### C. Violations of MDOC Policy

Plaintiff also contends that Defendants violated MDOC policies and procedures by falsifying the documents and because Defendant Kerr attempted to hold a misconduct review and hearing at the same time. Section 1983, however, does not provide redress for violations of state law. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The only possible way a policy might enjoy constitutional protection would be through the Fourteenth Amendment's Due Process Clause.

To demonstrate a due process violation, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause; and (2) a

9

deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts, however, have routinely recognized that a prisoner does not enjoy any federal protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164. Plaintiff's allegation that Defendants violated MDOC policy, therefore, fails to raise a cognizable federal constitutional claim.

Moreover, to the extent Plaintiff seeks to invoke this Court's supplemental jurisdiction over state law claims for violations of MDOC policy, this Court declines to do so. Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)).

Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims alleging violations of MDOC policy will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   May 2, 2023                              /s/ Ray Kent
                                                  Ray Kent
                                                  United States Magistrate Judge